Filed 9/30/14  P. v. Yarger CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060645 |
| v. | (Super.Ct.No. RIF1311484) |
| EVERETT EUGENE YARGER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.  Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Everett Eugene Yarger pled guilty to possession of methamphetamine for sale (Health & Saf. Code, § 11378).  Defendant also admitted that he had sustained three prior similar drug offenses

(Health & Saf. Code, § 11370.2, subd. (c)); three prior prison terms (Pen. Code, § 667.5, subd. (b)); and one prior strike conviction (Pen. Code, §§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). In return, the remaining allegations were dismissed and defendant was sentenced to a stipulated term of 16 years in state prison with credit for time served. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant began using drugs while he was in the service between 1972 and 1974. He was honorably discharged from the service.

On or about October 9, 2013, defendant willfully and unlawfully possessed methamphetamine for sale in the County of Riverside. At the time of the offense, defendant was 60 years old and a self-admitted drug addict.[2]

On October 11, 2013, a felony complaint was filed charging defendant with one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378). The complaint also alleged that defendant had suffered five prior drug-related offenses (Health & Saf. Code, § 11370.2); eight prior prison terms (Pen. Code, § 667.5, subd. (b));

---

[1] Since there was no preliminary hearing or presentence report in this case, the factual background is taken from the felony complaint and defendant's letter to the court.

[2] Pursuant to correspondence from defendant to Judge Gunn filed December 31, 2013.

and one prior strike conviction (Pen. Code, §§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On January 15, 2014, defendant entered into a negotiated plea. Defendant pled guilty to the possession of methamphetamine for sale charge as alleged in count one. He also admitted that he had sustained three prior convictions for the same offense in June 1997, January 2004, and August 2006 (Health & Saf. Code, § 11370.2); three prior prison terms for a May 1991 vehicle theft conviction, a July 1992 vehicle theft conviction, and an October 1994 vehicle theft conviction (Pen. Code, § 667.5, subd. (b)); and one prior serious and violent strike conviction for evading a peace officer causing death (Pen. Code, §§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). In return, the remaining enhancement allegations would be dismissed and defendant would be sentenced to a stipulated term of 16 years in state prison with credit for time served. After examining defendant, the trial court found the plea was entered into freely and voluntarily; that defendant knowingly and intelligently waived his rights; that defendant understood the nature of the charges and the consequences of the plea; and that there was a factual basis for his plea. Defendant was thereafter immediately sentenced in accordance with his plea agreement and awarded a total of 197 days credit for time served.

On February 10, 2014, defendant filed a notice of appeal, challenging the appeal based on the sentence or other matters occurring after the plea.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record. We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                              P. J.

We concur:


KING
            J.


MILLER
            J.

4